# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 93 CR 20026 | **DATE** | 7/18/2002 |
| **CASE TITLE** | U.S.A. vs. HENDERSON | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, Henderson's motion for the return of seized property is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | number of notices | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | | |
| ✓ | Notices mailed by judge's staff. | | JUL 19 2002 | | 315 |
| | Notified counsel by telephone. | | date docketed | | |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | 7-18-02 | | |
| /SEC | courtroom deputy's initials | U.S. DISTRICT COURT CLERK 02 JUL 19 AM 9:51 | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

# MEMORANDUM OPINION AND ORDER

Michael Henderson, a convicted federal prisoner sentenced by this court on September 13, 1994, has filed a motion for the return of seized property pursuant to Fed. R. Crim. P. 41(e). Henderson has moved for the return of United States currency, photographs, jewelry, and miscellaneous items seized from warrants executed on July 6, 1993 and July 28, 1993, in connection with his subsequent arrest. The items seized were a Rossi Brand .38 caliber 5-shot revolver, numerous cut baggies, twelve pictures, an Illinois Bell telephone bill, two magazines and assorted ammunition, two plastic packets of small ziplock baggies, a six pointed star medallion and chain, and $1,623 in cash. (Govt't Exh. B). The government argues that the items should not be returned because they are either contraband or the items were never in its possession.

Rule 41(e) allows for the return of property when one has been subject to an unlawful search or seizure or deprived of property and is lawfully entitled to possession of the property. See Fed. R. Crim. P. 41(e). Because a post-conviction Rule 41(e) motion is treated as a civil equitable proceeding, the court considers the following factors: whether Henderson has individual interest in and need for the material whose return he seeks; whether he would be irreparably injured by the denial of the return of property; and whether he has an adequate remedy at law for redress of his grievance. United States. v. Solis, 108 F.3d 722 (7th Cir. 1997); Mr. Lucky Messenger Serv., Inc. v. United States, 587 F.2d 15, 17 (7th Cir. 1978). Under the first factor, the government may show the moving party is not entitled to the property because it is contraband, subject to forfeiture, or the property has no noteworthy need. Mr. Lucky, 587 F.2d at 17; Jordan, 1993 WL 424240, *2. In this case, Henderson has not shown in his motion that he has an individual interest in the property, that he will be irreparably injured by the denial of a return, or that he has no other redress for his grievance. Moreover, Henderson's lawful entitlement to the property is questionable because the property was seized from a home defendant claimed he did not reside in. (Gov't Exh. C). Nevertheless the court will address each item seized from the warrants.

The court finds that Henderson is not entitled to the revolver, two magazines, and assorted ammunition because Henderson is a convicted felon who cannot possess firearms or ammunition. See 18 U.S.C. § 922(g). The plastic baggies are contraband because they were used to package illegal drugs. United States v. Jordan, No. 93 CR 173, 1993 WL 424240, *2 (N.D. Ill. Oct. 13, 1993). The Illinois Bell telephone bill has no noteworthy need since defendant is in prison. Mr. Lucky, 587 F.2d at 17. Henderson is not entitled to the return of the twelve photographs, six pointed star medallion, and chain because he has failed to show any property interest in the items. Furthermore, the items would be considered contraband by the Bureau of Prisons because the items depict or symbolize gang activity. 28 C.F.R. § 500.1(h). Lastly, the court has no jurisdiction over the $1,623 because the money was never in actual or constructive possession of the United States. See Solis, 108 F.3d at 722. While the United States took pictures of the money for the trial, it was never placed in federal custody and it was forfeited to the Illinois State's Attorney, not the United States. Therefore, as to the currency, Henderson's redress is not with this court.

For the reasons stated above, Henderson's motion for return of seized property is denied.