UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 93 CR 20026-1 |
| ) | |
| Michael Henderson, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

On the defendant's motion and supplemental filings for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and made retroactive by 28 U.S.C. § 994(u), and the Government's response, this court having reviewed those filings, the original Presentence Investigation Report and Judgment of Conviction, the sentencing factors in § 3553(a), the defendant's Bureau of Prison Progress Report, and the Special Report of the Probation Officer, and applying § 1B1.10 and the application notes thereto, the court concludes defendant's amended sentencing guideline range of imprisonment is 295 to 353 months (which includes a mandatory consecutive term of imprisonment of 60 months on Count 4) based on a Total Offense Level of 36 on Counts 1-3 and Criminal History Category III and defendant is eligible for a sentence reduction of up to 65 months from his current sentence.

It is hereby ordered, in the court's discretion, that defendant is granted a 65-month reduction in his sentence of imprisonment. The court concludes that it has no authority to further reduce defendant's sentence in the limited context of a proceeding under § 3582(c)(2). It has been held in other circuits that a re-sentencing under United States v. Booker, 543 U.S. 220 (2005), is beyond the scope of a § 3582(c)(2) proceeding. See, e.g., United States v. Wise, 515 F. 3d 207, 221 n. 11 (3d Cir. 2008); United States v. Moreno, 421 F. 3d 1217 (11th Cir. 2005); but see United States v. Hicks, 472 F. 3d 1167 (9th Cir.

1

2007) (holding that Booker applies in a proceeding under § 3582(c)(2)).  The court agrees with the reasoning of cases such as Wise and Moreno and is unpersuaded by the holding of Hicks.  Further, several district courts within this circuit have ruled that a § 3582(c)(2) proceeding concerns only sentence reductions authorized by specific amendment and does not implicate Booker, Kimbrough v. United States, 128 S. Ct. 558 (2007), Gall v. United States, 128 S. Ct. 586 (2007), or the constitutional limitations upon which those cases are based.  See United States v. Washington, No. 02-CR-20049, 2008 WL 4683238 (C.D. Ill. Oct. 22, 2008); see also United States v. Witherspoon, No. 02 CR 491, 2008 WL 4065926 (N.D. Ill. April 28, 2008).  The court adopts the reasoning of those district court cases.

Although there is some language in United States v. Taylor, 520 F.3d 746, 748 (7th Cir. 2008), that could be broadly read to arguably support a further sentence reduction in a § 3582(c)(2) proceeding based on Booker and Kimbrough, this court believes that Taylor should be limited to the context of a complete re-sentencing pursuant to the vacatur of the original sentence.  The court also notes that this language in Taylor is arguably dicta as the specific issue was not argued in that case.  See United States v. Lawrence, 535 F. 3d 631, 638 n. 4 (7th Cir. 2008). No other part of his sentence is changed, and if this reduced sentence is less than the amount of time defendant has already served, the sentence is reduced to a time-served sentence.  The Federal Defender's Office in Rockford, Illinois is directed to promptly notify defendant of this order and within 30 days file any objection to this order on defendant's behalf.  Otherwise, unless a timely objection is filed within the 30-day period, this court will file an Order for Sentence Reduction which will become effective 10 days thereafter, in order that the Bureau of Prisons has time to implement that order.

                                        E N T E R:

                                        _____
                                        PHILIP G. REINHARD, JUDGE
                                        UNITED STATES DISTRICT COURT

DATED: November 7, 2008